While we note with disfavor the deliberate flouting of the rules of Part XI by appellants' counsel and would agree that such dilatory conduct is inimical to the orderly administration of a Trial Calendar, to deprive appellants of their day in court would seem inappropriate under the circumstances. Appellants have not evidenced any intention to abandon this action. Furthermore, their claims show merit, inasmuch as documents which counsel has obtained from various administrative agencies of New York and New Jersey indicate that the offending vehicle was uninsured. Lastly, respondent does not make any representation that it has been prejudiced by the extensive delay attributable to the appellants. CPLR 2005 now allows delay or default due to law office failure to be excused in the exercise of discretion. (*Raphael v Cohen,* 62 NY2d 700, 701.) Under the circumstances, it would appear that the interests of justice would best be served by permitting appellants to pursue their claims and imposing appropriate sanctions for the dilatory conduct of their counsel. Concur — Murphy, P. J., Kupferman, Sullivan and Asch, JJ.

(February 19, 1985)

■ KAREN MURPHY, Appellant, v WILLIAM HERMAN et al., Respondents. — Judgment, Supreme Court, New York County (Peter McQuillan, J.), entered on October 9, 1984, unanimously affirmed for the reasons stated by McQuillan, J., at Special Term, without costs and without disbursements. Concur — Murphy, P. J., Ross, Bloom, Milonas and Kassal, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL GREGORIO, Appellant. — Judgment, Supreme Court, New York County (Sheldon Levy, J.), rendered on September 9, 1981, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5). No opinion. Concur — Asch, J. P., Bloom, Fein and Alexander, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT RYAN, Appellant. — Judgment, Supreme Court, New York County (Sheldon Levy, J.), rendered on September 9, 1981, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5). No opinion. Concur — Asch, J. P., Bloom, Fein and Alexander, JJ.